GALINA OGEONE ) 9th Cir. Case No. 15-15499
Defendant and Appellant ) Case No. 15-16005
VS ) Originating Circuit Court of the First Circuit State of
) Hawaii Case No. No.12-1-3278-12 ECN
DENTIST W RUTH YANG )
Appellee ) D.C. of Hawaii CIVIL NO. 13-00166 SOM RLP

APPELLANT'S REPLY TO DEFENDANT'S ANSWER TO PLAINTIFF'S INFORMAL BRIEF CASE NO. 15-15499, CASE NO. 15-16005

PART ONE

On 07-13-2015 Appellant Ogeone filed her opening brief in appeal No.15-15499.
On 09-20-2015 Appellant Ogeone filed her opening brief in appeal No.15-16005.
Attorney Carl Osaki replied only to Appellant's opening brief in appeal No 15-16005.
Attorney Carl Osaki was allowed to file one consolidated answering brief, but was not allowed to answer only to the opening brief in appeal No. 15-16005.

Clerk's order of 08-08-2015 stated: " The opening brief in appeal No.15-15499 has been filed. The opening brief in appeal No.15-16005 is now due September 21, 2015.
The consolidated answering brief is now due October 21, 2015.The optional Consolidated reply brief is due within 14 days after service of the answering brief."
/ see attach. No 1- Clerk's Order/
Appellant Ogeone stated in her opening brief in appeal No.15-15499 that removal was untimely, defective, upon fraudulent US Attorney Nakakuni's Certification that plaintiff claimed Negligence, that USDC lacked Jurisdiction, that USDC violated stature of limitation and docketed Plaintiff's case as a Negligence case after four years, that USDC accepted Notice of removal from illegal Party Defendant Government, USDC violated Due Process and violated Plaintiff's Constitutional rights.
Appellee Dentist Yang did not answer to Appellant's issues , which means that Appellee Dentist W. Yang agree with Plaintiff's allegations in the opening brief in appeal No.15-15499 such as:
1.<u>Issue No 1. Notice of removal of civil action was invalid.</u>
Notice of removal of civil action was signed by illegal Party- Defendant Government.
/ attach No 2-Opening brief in appeal No.15-15499, page No. 3/
On 04-08-2013 Defendant Government was illegal Defendant. Only after two days on 04-10-2013 Defendant Government was substituted as a Defendant.
/ see attach No.2- Notice of substitution of US as a Defendant/
Notice of removal of civil action was invalid and Defendant Yang did not deny it in his Answer to Plaintiff's opening brief in appeal No.15-15499.
2. Issue No. 2- Writ of Certiorari was invalid because magistrate judge Puglisi is not Article III judicial officer. Federal magistrate judge Puglisi has only the jurisdiction or authority granted to him by Congress, which is set out in 28 U.S.C. § 636.
Magistrate Judge Puglisi did not have right to issue Order to issue Writ of Certiorari.
/attach No.6- M judge Puglisi's Order directing clerk to issue Writ of Certiorari./
3. Issue No.3- USDC violated FRCP No. 11.
Notice of removal of civil action was not signed by the Defendant Yang "desiring to remove civil action" or by her attorney Carl Osaki, it was signed by the illegal Defendant Government.

/ Exh No. 9- Notice of removal of civil action/
4. Illegal Defendant Government and legal Defendant Dentist Yang violated Fed. R. Civ. P. 26(a)(1) - requirements for removal of civil action.
On 04-08-2013 the illegal Defendant Government created fraudulent civil cover sheet. US Attorney assistant Harry Yee took the form of a civil cover sheet from USDC and checked the box No. 367 " personal care -Pharmaceutical personal injury Product liability"
Defendant Government signed fraudulent civil cover sheet. In the line for Plaintiff's signature , it was written : "Harry Yee." / Exh No. 4- Fraudulent Civil Cover Sheet /

Illegal Defendant Government filed fraudulent civil cover sheet instead of **supplemental civil cover removal sheet.**
5. Issue No. 5- USDC violated FRCP -Section 1441 of Title 28 of the U.S. Code. Supplemental civil cover removal sheet was not filed in USDC. / see docket/
6. Issue No. 6- USDC accepted fraudulent Certification that Defendant Dentist Yang was Federal Dentist. USDC and US Attorney Nakakuni violated FRCP 28 U.S. Code § 2679. US Attorney Nakakuni violated FRCP –section 1441 title 28 U.S Code.
/ Attach No. 2- brief in appeal No 15-15499, p.8/
7. Issue No. 7- USDC accepted fraudulent Certification that Plaintiff claimed Negligence / Attach No. 2- brief in appeal No 15-15499, p.8-9 /
US Attorney violated FRCP 28 U.S. Code § 2679. US Attorney choose claim instead of Plaintiff US Attorney Nakakuni issued Certification that Plaintiff claimed negligence. Plaintiff is the master of the complaint. Plaintiff claimed breach of dentist/patient contract. USDC violated FRCP and let US Attorney Nakakuni to choose claim instead of Plaintiff.
/ Attach No.11 –US Attorney 's Certification that Plaintiff claimed Negligence/
USDC did not have any right to accept Negligence claim upon Fraudulent Certification that Plaintiff claimed Negligence.
USDC violated FRCP and dismissed Negligence claim as if Plaintiff just had filed her Complaint in USDC of Hawaii, but in fact the case was removed to USDC of Hi.
8. Issue No. 8- USDC violated Haw.Rev. Stat. § 67-18.
In 2013 USDC docketed Plaintiff's case as a 362 personal injuries medical malpractice case when statue of limitation for Negligence claim had expired in 2011.
Plaintiff was patient of the Defendant Dentist Yang in 2009.
On 09-09-2009 Plaintiff came to Defendant Dentist Yang 's clinic and complained that bridge was poor quality and very low.
On 09-09-2009 Dentist Baker gave his second opinion about "short "crown and problems with poor quality bridge. Dr. Baker wrote in his opinion:" Buccal cups 3 are too low interfering w/the cuspid rise on the side….In my judgment it would be a mistake to adjust 30 and 2 uneven plains. /Exh No. 3- Dr. Baker's second opinion/

'Statute of limitations for suits , based on medical malpractice , begins from the date the Patient learned of the problem" . Dental Malpractice Legal and Medical Hand Book third Edition, Volume 2, Norman L. Schaftler.

Haw. Rev. Stat. . § 67-18.- Statute of limitations for negligence is two years.

Statue of limitation for Negligence claim had expired in 2011 but USDC accepted Negligence case in 2013.USDC violated Haw. Rev. Stat. . § 67-18.
9. Issue No. 9- USDC violated 28 US CODE § 1446.
USDC violated FRCP-28 U.S. Code § 1446. According to FRCP 1446 -
Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to thenotice of removal.

Illegal Defendant Government filed Notice of removal after 67 days when complaint and summons were serve upon Defendant Yang.
According to FRCP 1446-Remand is Compulsory When Removal Was Untimely.
10. Issue No. 10. USDC violated FRCP No.25
FRCP No.25 allows substitution of parties in case of party's death or Incompetency.
Plaintiff wrote in her brief in appeal No. 15-15499, page 14:"On 01-30-2015 Defendant Government filed motion for substitution of parties and counsel.
USDC accepted Defendant Government's motion for substitution of parties and counsel after dead line -September 22, 2014, which was set by M Judge Puglisi's order of 06-12-2014…. On 02-09-2015 Plaintiff filed Objections to Defendant's Motion for Substitution of Parties and Counsel. Plaintiff wrote in her Objection: FRCP No.25 allows substitution of parties in case of : a) Death. B) Incompetency. Since Defendant Government is not dead or Incompetent ,it cannot be substituted…. USDC disregarded Plaintiff's objection to Defendant's motion for substitution of parties and counsel and violated FRCP 25.
On 02/11/201 Chief Judge Mollway issued minute order. It is written in the Order:
"The court grants Defendant's Motion For Substitution of Parties and Counsel. Effective immediately, Defendant Ruth Yang is substituted for the United States as Defendant, and Carl Osaki is substituted as defense counsel for Thomas A. Helper."

Appellee Dentist W. Yang did not deny Plaintiff's allegations that USDC violated FRCP No.25, if substitution of parties and counsel was illegal then the defendant Dentist yang illegal. USDC did not have personal jurisdiction over illegal Defendant Dentist Yang and Judgment is invalid.

11. Appellee Dentist W. Yang did not deny Plaintiff's allegations that USDC violated FRCP and USDC did not put on record that USDC had subject matter jurisdiction over breach of Dentist/patient contract claim case.
Plaintiff wrote in her brief in appeal No. 15-15499, page 17 : "During the trial USDC did mot put on record that it had jurisdiction over the case.
/ Exh No 14- transcript, pages No.40 , Attach No. 2- brief in appeal No 15-15499, p.17/
Chief district Mollway proceed to trail. USDC violted FRCP and Due process.
12. Appellee Dentist W. Yang did not deny Plaintiff's allegations that USDC violated FRCP when Chief District Mollway introduced jury instructions after closing arguments, which means that Appellee Dentist W. Yang agree with Plaintiff's allegations.

The Court must give the instructions and explanations necessary to enable the jury to make its findings on each submitted issue. USDC did not give Jury any instructions at the beginning of trial.

During the trial Jury did not have any idea about issue of the case, jury did not know what kind of evidence they have to look for.

Jury instructions were introduced to jury only at the end of trial –after closing arguments. Chief District Mollway said: " So although the version of the instructions is written so that I give the instructions before closing, which is my preference, there is a glitch and I don't have the copies to give to the jurors. So I'm going to have closings before instructions."

/ Exh No. 13- Transcript, pages No. 58/

Conclusion: Appellee Dentist Yang did not deny Appellant's above allegations in the opening brief in appeal No.15-15499, which means that Appellee Dentist W. Yang agree with Plaintiff's allegations .

PART TWO

Appellee Dentist W. Yang filed his Answering brief and his defense was based on false statements.

1. Appellee Dentist W. Yang made false statement that Defendant Dentist Yang was FEDERAL EMPLOYEE so there was no timeliness for the removal.

Appellee Dentist W. Yang stated :" The District Court also ruled that the US, which was the proper party for the case against a FEDERAL EMPLOYEE, was never served, so there was no timeliness for the removal"

a) But according to FRCP 28 U.S.C. § 1446(b) " formal service of process upon the US is not required to trigger commencement of the removal ."

b) Appellee Dentist W. Yang was not and had never been FEDERAL employee.

Appellant Ogeone was Appellee Dentist W. Yang 's patient in 2009 .

Defendant Dentist W. Dentist Yang is employee of the Kalihi-Palama Health Center (KPHC), which is not federal agency.

2. Appellee Dentist W. Yang made false statement ( Page No.13) . He wrote that :

" USDC had personal jurisdiction over Appellee Dentist W. Yang who was FEDERAL EMPLOYEE and …who initiated the removal."

It was false statement.

a) USDC did not have personal jurisdiction over Appellee Dentist W. Yang, because Defendant Dentist Yang was not Federal Employee and because substitution was illegal. USDC violated FRCP No. 25.

Defendant Dentist W. Dentist Yang was employee of the Kalihi-Palama Health Center (KPHC), which was not federal agency.

b) According to Chief Judge Thomas's opinion Federal Court lacked Jurisdiction.

Plaintiff filed complain about M Judge Puglisi's judicial Misconduct case No. 14-90119.

On 08-27-2015 Chief Thomas issued Order .

In his Order Chief Thomas stated that USDC lacked jurisdiction that's why Plaintiff Ogeone was offered to remand the case to State court. Chief Judge Thomas wrote in his Order that Plaintiff : " had contested the federal court's jurisdiction and argued that removal order was defective but the government offered to stipulate to remand to state court , Plaintiff objected and proceed to trial in federal court."

/ attach No 7-Chief Thomas Order/

c) Defendant Yang did not initiated removal. Defendant Yang did not sign Notice of

removal.
Illegal Defendant Government initiated removal . On 04-08-2013 illegal Defendant Government filed invalid Notice of removal of civil action. In the line for the Defendant 's signature illegal Defendant Government wrote: "The attorneys for Defendant Government: Attorney Nakakuni, Harry Yee."
/Exh No.9- Notice of removal, page No.2/
On 04-**08**-2013 Defendant Government was illegal Defendant. Only after two days on 04-**10**-2013 Defendant Government was substituted as a Defendant.
It is written in the Notice of substitution of US as a Defendant: "The US hereby gives notice that the US of America is substituted as a defendant herein in place of Defendant Dentist Yang. Dated April 10, 2013. "
/Exh No. 10- Notice of substitution of US as a Defendant/
Since Notice of removal was invalid , USDC's Judgment was invalid.
3. Appellee made false statement ( page 16) that :"at trial, Ogeone did not present any documentary evidence that she paid more than $2000 for dental treatment by Yang."

In February 2015 Plaintiff filed S.Ogeone's sworn affidavit as documentary evidence that Plaintiff paid about $4000 for dental treatment by Yang.
S. Ogeone got very sick and was not able to come to trial but she wrote sworn affidavit that Plaintiff paid $4000./ attach No-8- S. Ogeone's swaorn affidavit/
During the trial Attorney Carl Osaki asked Plaintiff :"Is the $3450 what your daughter referring to in her AFFIDAVIT?"
/ see attach No. 12-transcript Page No. 21/
Attorney Carl Osaki received sworn affidavit as a documentary evidence that plaintiff paid about $4000 for dental treatment but made false statement that there were no documentary evidence that Plaintiff paid more than $2000 for dental treatment.

USDC violated Plaintiff's constitutional rights. In this civil action, the fundamental right to have the Court accept sworn affidavit as true had been violated. S Ogeone's sworn affidavit under penalty of perjury before a notary have been ignored. USDC violated US Constitution.
4. Appellee Dentist W. Yang stated on page No.14 that " Ogeone was allowed to try her Contract claim ".
False statement. Plaintiff did not have Contract claim of assumpist.
Plaintiff was not allowed to try her breach of Dentist /Patient contract claim, which Plaintiff claimed in her Complaint.
On 02-03-2015 Chief District Mollway issued minute Order: " The court sets February 9, 2015, as the deadline for Plaintiff's response to that motion. In addition, in the interest of avoiding any misunderstanding at the February 24 trial, the court stresses that the only subject of the trial will be whether Plaintiff was refunded the full amount she paid. The trial will begin with Plaintiff's presentation of evidence on that subject."
/ Exh No.15- USDC Order/
Chief District Mollway prohibited Plaintiff to represent her breach of Dentist patient contract claim during the trial.
Plaintiff's constitutional rights were violated.

5. Appellee Dentist Yang made false statement ( page 13) that USDC had personal jurisdiction over Appellee Dentist W. Yang who was FEDERAL EMPLOYEE.
USDC did not have personal jurisdiction over Appellee Dentist W. Yang.

A) Appellee Dentist W. Yang was not FEDERAL EMPLOYEE .
B) Substitution of Parties was illegal.

On 01-30-2015 Defendant Government filed untimely motion for substitution of parties and counsel.
USDC accepted Defendant Government's untimely motion for substitution of parties and counsel after dead line -September 22, 2014, which was set by M Judge Puglisi's order of 06-12-2014.
On June 2014 M Judge Puglisi issued amended rule 16 scheduling order of June 10, 2014. M Judge Puglisi set deadline for non dispositive motions. M Judge Puglisi wrote in his amended rule 16 scheduling order of June 10, 2014: Other non-dispositive motions, except for motions in limine and discovery motions, shall be filed by May 21, 2014 (closed). Dispositive motions shall be filed by September 22, 2014. Motions in limine shall be filed by January 27, 2015.
On 02-09-2015 Plaintiff filed Objections to Defendant's Motion for Substitution of Parties and Counsel. Plaintiff wrote in her Objection: FRCP No.25 allows substitution of parties in case of : a) Death. B) Incompetency. Since Defendant Government is not dead or Incompetent ,it cannot be substituted.
USDC disregarded Plaintiff's objection to Defendant's motion for substitution of parties and counsel and violated FRCP 25.
On 02/11/2015 Chief Judge Mollway issued minute order. It is written in the Order: The court grants Defendant's Motion For Substitution of Parties and Counsel. Effective Immediately, Defendant Ruth Yang is substituted for the United States as Defendant, and Carl Osaki is substituted as defense counsel for Thomas A. Helper.

USDC violated FRCP No.25. FRCP No.25 allows substitution of parties in case of party's death or Incompetency.
Since Motion for substitution of parties and counsel was untimely and Defendant Government was not dead or incompetent - substitution was illegal.
USDC did not have personal jurisdiction over Defendant dentist Yang.
US Court of appeals must take into consideration Chief Judge Thomas' opinion that USDC lacked Jurisdiction./ attach No. 7- Chief JudgeThomas Order/
On 08-27-2015 Chief Judge Thomas issued Order .
In his Order Chief Judge Thomas stated that USDC lacked jurisdiction that's why Plaintiff Ogeone was offered to remand the case to State court. Chief Judge Thomas wrote in his Order that Plaintiff " had contested the federal court's jurisdiction and argued that removal order was defective but the government offered to stipulate to remand to state court , Plaintiff objected and proceed to trial in federal court."
Plaintiff Ogeone requested USDC to remand the case upon Courts order after defective removal. Plaintiff did not want remand upon stipulation as if USDC did not complete defective removal upon US Attorney's fraudulent Certification that Plaintiff claimed Negligence. / attach No 7-Chief judge Thomas Order/

7. Appellee Dentist Yang stated (page 16) that :"the court correctly awarded statutory

assumpsit attorneys' fees … that the claim tried was in the nature of assumpist."
Appellee Dentist Yang was wrong and misused the Law- HRS § 607-14.
Under Hawaii law- HRS § 607-14, in certain commercial cases, the prevailing party may recover some or all of its attorneys fees from the losing party.
Dentist's promise to make refund is not commercial contract –it is dentist/patient contract.
The case was not commercial and the contract between Dentist and Patient Ogeone was not commercial.
The case was filed as a breach of dentist/patient contract claim case.
The case was removed as a Tort claim case.
USDC violated the Law- Haw. Rev. Stat. § 607-14.

8 . Defendant Dentist Yang stated that ( p 15) :"prior to trial Distrct Court invited her to stipulate to remand to state court of the contract claim, which Ogeone refused. Ogeone also refused to mediate."
Plaintiff Ogeone requested USDC to remand the case upon Courts order after defective removal. Plaintiff did not want remand upon stipulation as if USDC did not complete defective removal upon US Attorney's fraudulent Certification that Plaintiff claimed Negligence.
After illegal substitution Defendant Dentist Yang had never filed settlement offer.

9. Attorney Carl Osaki was negligent . Attorney Carl Osaki replied only to Appellant's opening brief in appeal No 15-16005, he did not deny allegations in the opening brief in appeal No. 15-15499.
In 2012 attorney Carl Osaki did not answer to Plaintiff's complaint on time.
On Feb 26, 2013 Plaintiff filed Request for Motion for Default Judgment,
Defendant Dentist Yang was about to get Judgment by default due to Attorney Carl Osaki's Negligence. That's why on April 08, 2013 HHS, US Attorney Nakakuni initiated illegal defective removal.
Attorney Carl Osaki who represented Defendant Yang did not initiated removal, he let Attorney for US Government to commence removal, which made Notice of removal of civil action invalid and removal defective.
Attorney Carl Osaki did not deny Plaintiff's alligation that attorney Carl Osaki probaly was not Federal bar member that's why he did not file Notice of removal of civil action .
Attorney Carl Osaki was negligent and still requested ( page 18) "award of statutory attorneys' fees."
Under Hawaii law- HRS § 607-14, an attorney cannot be awarded by statutory attorneys' fees. Statutory attorneys' fees can be awarded under federal civil rights statutes.

10. A statement of what you want this court to do.
Removal was defective. USDC did not have Federal jurisdiction over Plaintiff's breach of Dentist/patient contract claim case.
After illegal substitution of Parties USDC did not have personal jurisdiction over illegal Defendant Dentist Yang. Notice of removal was invalid.
Subject-matter jurisdiction, personal jurisdiction and adequate notice of the civil action are fundamental constitutional requirements for a valid judgment. USDC did not have

constitutional requirements for a valid judgment.
The Court should reverse the ruling of the district court and remand with Instructions to remand the state law claim case to Hawaii State court and require payment of the costs incurred as a result of the removal.

Declaration:
I declare under penalty of perjury that the foregoing is true and correct.
Mrs. Ogeone Dated : November 04, 2015

ATTACHMETS -EXHIBITS

1. Clerk's Order
2. Appellant's informal brief in appeal No 15-15499
3. Dr. Baker's second opinion
4. Fraudulent Civil Cover Sheet signed illegal Defendant Government attorney for the US Harry Yee
5. Transcript page No. 70
6. M judge Puglisi Order directing clerk to issue Writ of Certiorari.
7. Chief JudgeThomas Order
8. S.Ogeone affidavit
9. Notice of removal of civil action
10. Notice of substitution of US as a Defendant
11. US Attorney's Certification that Plaintiff claimed Negligence.
12. Transcript page No.21
13. Transcript page No.58
14. Transcript page No.40
15. Chief District Mollway's minute Order

Respectfully submitted

Mrs. Ogeone Dated : November 04, 2015

IN THE COURT OF APPEALS OF THE NINTH CIRCUIT

CASE NAME: GALINA OGEONE V. DENTIST W RUTH YANG

9TH CIR.CASE NO. 15-15499, 15-16005.

CERTIFICATE OF SERVICE

I do hereby certify that the above foregoing document –APPELANT'S REPLY TO APPELLLE'S CONSOLIDATED ANSWER TO APPELLANT'S INFORMAL BRIEF IN APEALS NO. 15-15499. NO. 15-16005. and 15 attachments were duly served on dated : November 04, 2015 by mail/email, on the person listed below: Appellee's Attorney Carl Osaki .

Attorney Carl Osaki Address: Town Tower #17G, 225 Queen Street,
Honolulu, Hawaii, 96813, phone: 808-528-4666

Mrs. Ogeone Dated : November 04, 2015